FILED
United States Court of Appeals
Tenth Circuit

January 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DAVID CHARLES REDMON,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 14-5130
(D.C. No. 4:14-CV-00210-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**
_____

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

David Redmon, an Oklahoma state prisoner appearing pro se, seeks to appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition, claiming ineffective assistance

of counsel.[1]  We construe pro se filings liberally.  See Garza v. Davis, 596 F.3d 1198,

1201 n.2 (10th Cir. 2010).  The district court dismissed without prejudice Redmon's

petition for failure to exhaust state remedies and denied his request for a certificate of

appealability ("COA").  Redmon now asks us to grant him a COA and hear his appeal.

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the

---

[1]  Redmon waived the other two claims in his opening brief "by failing to assert them in
his district court habeas petition."  Parker v. Scott, 394 F.3d 1302, 1327 (10th Cir. 2005).

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Redmon gives us no reason to doubt the district court's procedural ruling. His "Combined Opening Brief and Application for a Certificate of Appealability" nowhere asserts that he either exhausted or should not have to exhaust his state remedies before seeking federal relief. Indeed, Redmon only references exhaustion once, in two lines, which he then crossed out. After briefly stating his ineffective assistance claim, Redmon wrote: "~~Didn't show why I was denied, just said I was Denied because They said I did not exhaust all remedies. What remedies did I not exhaust?~~" (errors in original). But the district court's order made abundantly clear why Redmon's petition was dismissed: his failure to exhaust *state* remedies. Moreover, the court even explained how Redmon could timely exhaust those remedies as well as the federal consequences for failing to do so.

Thus, for substantially the same reasons stated in the district court's order, we find Redmon has not made the requisite showing for a COA. Accordingly, Redmon's

request for a COA is DENIED and his appeal is DISMISSED.


Entered for the Court,



Bobby R. Baldock
United States Circuit Judge